**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4680**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VINCENT LEONARD JONES, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (2:06-cr-00977-DCN)

Submitted:  April 17, 2008         Decided:  May 13, 2008

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  John Charles Duane, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Leonard Jones, Jr., appeals from his convictions and 181-month sentence after pleading guilty to possession with intent to distribute 50 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A), (b)(1)(C) (West 1999 & Supp. 2007), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I) (2000). Jones' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she asserts that there are no meritorious issues for appeal, but asks this court to review whether the district court complied with Fed. R. Crim. P. 11 in accepting Jones' guilty plea, whether the Sentencing Guidelines and statutory mandatory minimum sentences for crack cocaine offenses are unconstitutional, and whether Jones' sentence was reasonable. Jones was given an opportunity to file a pro se supplemental brief, but has not done so. For the reasons stated below, we affirm Jones' convictions, but vacate his sentence and remand for resentencing.

Under Fed. R. Crim. P. 11(b)(1), the district court must address the defendant in open court and inform him of the following: the nature of the charge; any mandatory minimum sentence and the maximum possible sentence; the applicability of the Sentencing Guidelines; the court's obligation to impose a special assessment; the defendant's right to an attorney; his right to

- 2 -

plead not guilty and be tried by a jury with the assistance of counsel; his right to confront and cross-examine witnesses; his right against self-incrimination; and his right to testify, present evidence, and compel the attendance of witnesses. The defendant also must be told that a guilty plea waives any further trial and that his answers at the proceeding may be used against him in a prosecution for perjury. Under Rule 11(b)(2), the court must address the defendant to determine that the plea is voluntary. The court must require disclosure of any plea agreement under Rule 11(c)(2) and determine a factual basis for the plea under Rule 11(b)(3). Because Jones did not move in the district court to withdraw his guilty plea, his challenges to the Rule 11 hearing are reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002).

During the plea hearing, the district court properly informed Jones of the rights he was forfeiting as a result of his plea and the nature of the charges and penalties he faced, found that Jones was competent and entering his plea voluntarily, and determined there was a sufficient factual basis for the plea. Therefore, the record establishes Jones knowingly and voluntarily entered into his guilty plea with a full understanding of the consequences and there was no error in the district court's acceptance of his plea.

As for Jones' sentence, we review a district court's imposition of a sentence for abuse of discretion. <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007); <u>see also</u> <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007).  This court must first ensure that the district court committed no procedural error, such as "failing to calculate (or improperly calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guideline range."  <u>Gall</u>, 128 S. Ct. at 597.  If there are no procedural errors, we then consider the substantive reasonableness of the sentence.  <u>Id</u>.  "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'"  <u>Pauley</u>, 511 F.3d at 473 (quoting <u>Gall</u>, 128 S. Ct. at 597).

After Jones was sentenced, the Supreme Court decided, in <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case."  <u>Id.</u> at 575.  <u>Kimbrough</u> thus abrogated this court's decision in <u>United States v. Eura</u>, 440 F.3d 625, 634 (4th Cir. 2006) (holding that 100:1 ratio cannot be the

basis of a variance), <u>vacated</u>, 128 S. Ct. 853 (2008). Furthermore, on November 1, 2007, the United States Sentencing Commission lowered the base offense level for drug offenses involving crack cocaine. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> ("USSG") § 2D1.1 (2007); USSG App. C, Supp. Amend. 706. This amendment has been made retroactive, effective March 3, 2008, and would now be applicable to Jones' sentence. <u>See</u> USSG § 1B1.10(c) (Mar. 3, 2008).

At sentencing, Jones challenged the constitutionality of the crack/powder cocaine ratio and requested a variance sentence;[1] however, the district court did not have the benefit of the Supreme Court's decision in <u>Kimbrough</u> or the recent amendments to the crack cocaine guidelines. Accordingly, to accord the district court an opportunity to reconsider Jones' sentence in light of <u>Kimbrough</u> and

---

[1]Jones also contends that the relevant Sentencing Guidelines and statutory mandatory minimum sentences for crack cocaine offenses are unconstitutional under the Equal Protection Clause. In light of the amendments to USSG § 2D1.1, Jones' challenge to the constitutionality of the Sentencing Guidelines is moot. As for Jones' constitutional challenge to the statutory mandatory minimum sentences for crack cocaine offenses, this court has consistently rejected such claims. <u>See</u> <u>United States v. Perkins</u>, 108 F.3d 512, 518 (4th Cir. 1997); <u>United States v. Burgos</u>, 94 F.3d 849, 876-77 (4th Cir. 1996); <u>United States v. Fisher</u>, 58 F.3d 96, 99-100 (4th Cir. 1995). Furthermore, the amendments to the Sentencing Guidelines have no effect on the constitutionality or applicability of the statutory mandatory minimum sentences for crack cocaine offenses. <u>See</u> USSG § 5G1.1(b); <u>Neal v. United States</u>, 516 U.S. 284, 294 (1996).

the amendments to the Sentencing Guidelines, we affirm Jones'

conviction, but vacate his sentence and remand for resentencing.[2]

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

---

[2]We recognize that Jones is subject to statutory mandatory minimum sentences totaling 180 months' imprisonment.  See 21 U.S.C.A. § 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(A)(I). Nevertheless, because a sentence of 181 months was imposed upon him, and Jones challenged the disparity in sentencing between crack and powder cocaine at sentencing, we conclude he is entitled to resentencing under Kimbrough.