**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4672**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

VINCENT LEONARD JONES, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:06-cr-00977-DCN-1)

Submitted:  November 25, 2008      Decided:  December 29, 2008

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Gordon Baker, OFFICE OF THE FEDERAL PUBLIC DEFENDER,
Charleston, South Carolina, for Appellant.  Brent Alan Gray,
Sean Kittrell, OFFICE OF THE UNITED STATES ATTORNEY, Charleston,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent L. Jones, Jr., appeals the district court's judgment entered pursuant to his guilty plea to possession with intent to distribute 50 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(C) (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006). Counsel for Jones filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she asserts there are no meritorious issues for appeal, but asks this court to review whether Jones' sentence was reasonable.[*] Jones was notified of the opportunity to file a pro se supplemental brief, but has failed to do so. Finding no error, we affirm.

Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory Guidelines range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C. § 3553(a)

---

[*] We previously remanded this case to allow the district court an opportunity to reconsider Jones' sentence in light of Kimbrough v. United States, 128 S. Ct. 558 (2007), and the recent amendments to the Sentencing Guidelines for crack cocaine offenses. See United States v. Jones, 277 F. App'x 307 (4th Cir. May 13, 2008) (No. 07-4680) (unpublished).

2

(2006) and determine an appropriate sentence. Gall v. United States, 128 S. Ct. 586, 596 (2007). We review the district court's imposition of a sentence for abuse of discretion. Id. at 597; see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597.

If there are no procedural errors, we then consider the substantive reasonableness of the sentence. Id. "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Pauley, 511 F.3d at 473 (internal quotation marks and citation omitted). Further, this court may presume a sentence within the Guidelines range to be reasonable. Id. Mere disagreement with the district court's exercise of sentencing discretion does not permit us to substitute our judgment for that of the lower court. Id. at 473-74. "Even if we would have reached a different sentencing result on our own, this fact alone is 'insufficient to justify

3

reversal of the district court.'" Id. at 474 (quoting Gall, 128 S. Ct. at 597).

In her Anders brief, counsel concedes that the 180-month sentence was reasonable in light of the fact that Jones received statutory mandatory minimum sentences on both counts. In our previous opinion in this case, we noted that Jones was subject to statutory mandatory minimum sentences totaling 180 months' imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 924(c)(1)(A)(i). See Jones, 277 F. App'x at 309 n.2. Therefore, because the district court imposed the mandatory minimum sentences on both counts, we find that Jones' sentence was reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented

4

in the materials before the court and argument would not aid the decisional process.

AFFIRMED